UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-21691-CV-COOKE
MAGISTRATE JUDGE REID

THEODORE KEITH GRIFFIN,

    Petitioner,

v.

MARK S. INCH,

    Respondent.

_____/

## REPORT OF MAGISTRATE JUDGE
## RE STATE HABEAS PETITION - 28 U.S.C. § 2254

### I. Introduction

The Petitioner, **Theodore Keith Griffin**, has filed what the Clerk of Court has docketed as a *pro se* complaint pursuant to 42 U.S.C. § 1983 which upon further review is a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. [ECF No. 1]. In the Petition, Petitioner is challenging the constitutionality of his convictions and sentences, entered following his guilty plea in Miami-Dade County Circuit Court, Case No. F11026509B. [ECF No. 1]. For the reasons discussed below, this Petition should be **DISMISSED**, as untimely.

This cause has been referred to the Undersigned for consideration and report, pursuant to 28 U.S.C. § 636(b)(1)(B), (C); S.D. Fla. L.R. 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2019-02; and the Rules Governing Habeas Corpus Petitions in the United States District Courts.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998). The AEDPA imposed for

- 1 -

the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus...."). Specifically, the AEDPA provides that the limitations period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1).

The limitations period is tolled, however, for "[t]he time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . ." 28 U.S.C. § 2244(d)(2). Consequently, this petition is untimely, pursuant to 28 U.S.C. § 2244(d)(1)(A), unless the appropriate limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. *See* 28 U.S.C. § 2244(d)(2); *see also Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013). Further, if Petitioner created any time gaps in the review process, the one-year clock would continue to run. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

## II. Relevant Procedural History and Statutory Tolling

The state charged Petitioner with (1) aggravated battery on a law enforcement officer, (2) aggravating fleeing or attempting to elude a law enforcement officer after an accident, (3) resisting

a law enforcement officer with violence, (4) giving a false name after arrest, and (5) driving while license suspended. [15-60603-CV-WPD, ECF No. 30 at 2]. Petitioner plead no contest to the charges in exchange for a sentence of 5 years. [*Id.*]. The court sentenced Petitioner to concurrent five-year sentences as a habitual offender on Counts 1, 2, and 3 and time-served on Counts 4 and 5. [*Id.*]. The judgment was recorded on February 14, 2013. [*Id.*].

Petitioner appealed to the Fourth District Court of Appeal ("Fourth DCA") in Case No. 3D13-666. On **November 26, 2014**, the Fourth DCA affirmed "without prejudice to any right Theodore Griffin may have to file a motion to withdraw his plea as involuntarily entered." *Griffin v. State*, 150 So. 3d 1288 (Fla. 4th DCA 1985) (citing *Gandy v. State*, 857 So. 2d 289 (Fla. 2d DCA 2003)). Mandate issued December 12, 2014. Petitioner sought relief in the Florida Supreme Court although the Fourth DCA had not yet affirmed his conviction and sentence. The Florida Supreme Court dismissed the case on August 29, 2014 in Case No. SC14-510. He did not seek review of the Fourth DCA's November 26, 2014 opinion.

Petitioner was not permitted to seek discretionary review with the Florida Supreme Court because the affirmance on direct appeal did not cite to any decision for which the Florida Supreme Court had accepted review. *See Wells v. State*, 132 So. 3d at 1113 (Fla. 2014). Therefore, Petitioner's conviction became final, and the federal limitations period under the AEDPA began running, on **February 24, 2015**, ninety days after the state appellate court issued its decision affirming the conviction and sentence on November 26, 2014, when the period for seeking discretionary review with the United States Supreme Court expired. *See* Sup. Ct. R. 13; *see also Gonzalez v. Thaler*, 565 U.S. 134 (2012). Applying the finality calculation of § 2244(d)(1)(A), the federal limitations period began to run on **February 24, 2015**.

Petitioner applied for post-conviction relief in the state trial court. Although these collateral proceedings tolled the statute of limitations under 28 U.S.C. § 2244(d)(2), there are no proceedings

pending in his state court case after **June 12, 2017**, the date of the final entry in the state court docket. As a result, the federal habeas corpus limitations period ran unchecked for approximately **3 years** before Petitioner filed the instant Petition on **April 6, 2020**. [ECF No. 1 at 12]. As a result, this Petition should be dismissed as untimely pursuant to § 2244(d)(1)(A).

Further, § 2244(d)(1)(B) and (C) is not applicable here. Petitioner has not alleged, nor does the record support a finding, that there was a state impediment that should restart the limitations period under § 2244(d)(1)(B). Petitioner also does not claim, and this record does not reveal, that he is entitled to relief based on a new Supreme Court decision, made retroactively applicable to cases on collateral review under § 2244(d)(1)(C). Therefore, calculation of the limitations period under either § 2244(d)(1)(B) or (C) is not warranted.

In addition, § 2244(d)(1)(D) is inapplicable because the state court record does not reveal that the statute of limitations should be reset on the basis of "new evidence" that would sufficiently restart the limitations period on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(D). Therefore, relief on this basis is not warranted.

### III. Equitable Tolling

The timeliness issue is still not at an end. This federal Petition is due to be dismissed unless equitable tolling of the statute of limitations is warranted. Petitioner does not allege, and the record does not support a finding, that he is entitled to the rare and exceptional circumstance of equitable tolling.

The one-year limitations period set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has established a two-part test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted.").

Equitable tolling "is an extraordinary remedy 'limited to rare and exceptional circumstances and typically applied sparingly.'" *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) (quoting *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009)). Petitioner bears the burden of establishing the applicability of equitable tolling by making specific allegations. *See Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014) (citing *Hutchinson v. Fla.*, 677 F.3d 1097, 1099 (11th Cir. 2012)).

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citation and quotation marks omitted). Determining whether a circumstance is extraordinary "depends not on 'how unusual the circumstance alleged to warrant tolling is among the universe of prisoners, but rather how severe an obstacle it is for the prisoner endeavoring to comply with AEDPA's limitations period.'" *Cole*, 768 F.3d at 1158 (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)). Further, a petitioner must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (citing *Lawrence v. Fla.*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner has not established any fact to support a finding that he is "entitled to the rare and extraordinary remedy of equitable tolling." *See Drew*, 297 F.3d at 1289. Because Petitioner

failed to properly and diligently pursue his rights for approximately **three years,** he has failed to demonstrate that he qualifies for equitable tolling of the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1258-60 (11th Cir. 2000) (holding that even properly filed state court petitions must be pending in order to toll the limitations period).

The time-bar is ultimately the result of Petitioner's failure to timely and properly pursue state post-conviction proceedings and then this federal habeas corpus proceeding. Since this habeas corpus proceeding is untimely, Petitioner's claim challenging the lawfulness of his convictions and judgment is now time-barred pursuant to 28 U.S.C. § 2244(d)(1)-(2) and should be dismissed.

### IV. Fundamental Miscarriage of Justice/Actual Innocence

No fundamental miscarriage of justice will result if the court does not review on the merits Petitioner's grounds for relief raised. The law is clear that a petitioner may obtain federal habeas corpus relief of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson v. Campbell*, 353 F.3d 880, 882 (11th Cir. 2003). This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. It is now well settled that "actual innocence," may serve as a gateway through which a petitioner may pass to overcome the AEDPA's procedural bar impediment caused by an untimely filing. *See McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013); *San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011).

Petitioner presents no new evidence, let alone any "new reliable evidence," to support a claim of "actual innocence." Petitioner has also not presented evidence to undermine the court's confidence in the outcome of Petitioner's criminal trial proceedings and jury verdict. *See Milton v. Sec'y, Dep't of Corr.*, 347 F. App'x 528, 531-32 (11th Cir. 2009). On the record before this

Court, no fundamental miscarriage of justice will result by dismissing as untimely the claims raised in this habeas proceeding. Petitioner is not demonstrating actual, factual innocence, his untimely claim warrants no habeas corpus relief. *See e.g., Scott v. Duffy*, 372 F. App'x 61, 63-64 (11th Cir. 2010) (rejecting habeas petitioner's actual innocence claim where no showing made of factual innocence); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998). Consequently, under the totality of the circumstances present here, this federal petition should be dismissed as untimely.

## V. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle a petitioner to relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing is not required.

## VI. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his or her petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a COA only if Petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record, this court should deny a COA. Notwithstanding, if petitioner does not agree, Petitioner may bring this argument to the attention of the District Judge in objections.

### VII. Conclusion

Based upon the foregoing, it is recommended that:

1. the federal habeas petition be **DISMISSED** as time-barred;

2. a certificate of appealability be **DENIED**; and,

3. the case **CLOSED** by the Clerk of Court.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to file timely objections shall bar Petitioner from a *de novo* determination by the District Judge of an issue covered in this Report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge, except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**SIGNED** on this 9th day of October, 2020.

UNITED STATES MAGISTRATE JUDGE

cc: **Theodore Keith Griffin**
601 Dundas Court
Fort Pierce, FL 34950
*PRO SE*

**Noticing 2254 SAG Miami-Dade/Monroe**
Email: CrimAppMIA@MyFloridaLegal.com